Nash, J.
 

 This was an action of, debt, upon a Sheriff’s bond. On the trial below, several objections were raised to the plaintiff’s recovery. But a single one has been sent to us ; and so much of the case agreed will be stated, as is necessary to present it. In the year 1831, the Legislature, by a private act, authorized the County Court of Robeson, with others, to abolish the office of County Trustee, and, in such case, devolving upon the Sheriff of such County all the duties of, such office. Under this act, the bond was given on which this action is brought. After the institution of this suit, an action was brought on the same bond, at the relation of one Davies, who was -Chairman of the Board of Commissioners for Common Schools in the County of Robeson, against the present defendants, and a recovery made to the amount of the money in .the 'hands of the defendant McAlpin, due to that fund — which did not exhaust the penalty of the bond. The judgment in that case was pleaded by the defendants in this as a plea since the last continuance. The jury found a verdict for the plaintiff, and his Honor being of opinion he could not recover, it was set aside, and a non-suit entered. In this opinion, we
 
 do not
 
 concur. His Honor decided that the former judgment was a bar, because, taking this to be an official bond, there was no provision by statute applicable to it, authorizing a second suit to be brought. We do not agree with his Honor. We do not consider the judgment recovered by Davies a bar to this action, even if it had been obtained prior to its
 
 institution,
 
 and duly pleaded. In assigning his reason, his Honor says, “ the act in relation to official bonds contains a general provision for the institution of
 
 *349
 
 suits, by the persons injured, in the name of the State, without any assignment thereon.
 
 Rev. Stat. ch.
 
 81,
 
 sec.
 
 1. But there is no general provision, authorizing a second action. This provision is made specially in the several acts relating to the bonds of Constables, County Trustees, and the Bonds of Sheriff for execution of process, collection of money, &c.; but the act relating to the bonds of Sheriff for the collection of County taxes, contains no such provision,
 
 ch.
 
 28,
 
 s.
 
 3. The private act of ’31 contains no such provisions in relation to the new sort of bond therein described to be taken.”
 

 We are not certain we entirely understand his Honor. The act of 1777,
 
 Rev. Stat. ch.
 
 109,
 
 s.
 
 13, in prescribing the form of the bond to be given by the Sheriff for the faithful discharge of, his duties in office, which is the one referred to in the opinion, as given -for the execution of process, collection of monies, &c., contains the provision, “ that no such bond shall become void upon the first recovery, but may be put in suit and prosecuted from time to time, &c.” Now this provision
 
 in haic verba,
 
 is contained in none of the other acts. But yet they contain words which, in our opinion, are equivalent. Thus, in the act in relation to official bonds, the words are, “ any person or persons injured, may institute a suit or suits, &c.” So that of 1818,
 
 Rev. Stat. ch.
 
 24,
 
 s.
 
 7, directing the bonds Constables shall give, authorizes
 
 suits
 
 to be brought and
 
 remedy
 
 to be had, and “under the samo rules, regulations and restrictions, as suits may be brought and remedies had, upon the official bonds of Sheriffs, &c.” A similar provision is made, as respects the bonds of County Trustees,
 
 Rev. Si. c.
 
 29,
 
 s.
 
 3. It declares a suit may be brought on said bonds and recoveries had, under precisely the same circumstances as constables’ bonds. The language is the same. We hold then, that, under these various acts, a second suit may'be brought on the official bonds of these various officers, although the language is not the same as in the bonds of the Sherifl)
 
 *350
 
 for the faithful discharge of his official duties. And this appears to be the opinion of his Honor, who tried the cause. ' But the' opinion proceeds, that there is no such provision in the act, relating to the Sheriff’s bond for the collection of the county and poor tax, nor in the private act of 1831, under which the bond now sued for was taken. Upon examination it Avill be found, that the same; principle is held in view by the Legislature, in each of these acts. The 3d sec. of the act of ’98,
 
 Rev. St c.
 
 28,
 
 s.
 
 3, to which his Honor refers, contains no such provision. The 23d section, however, authorizes the several County Courts to appoint a Finance Committee for their respective Counties ; and the 30th section empowers the committee “ to institute
 
 suit
 
 for the recovery of all monies due the 'county from any person liable to account for them — which said suit or suits shall be brought, &c.” It may be said this provision throws no light on the subject, as different persons might be indebted to the county. This is true. Different persons may be so indebted, but the same officer might be indebted to the County for different sums of money, as applicable and appropriated to different funds —as in the case of the County Trustee* The words we think are sufficiently comprehensive to embrace
 
 the latter
 
 case, as well as the former. The private act is, however, very explicit, and leaves no doubt, we think, on the question. This act authorizes the several County Courts in the State to abolish the offices of County Trustee and Treasurer of public buildings, and in that case devolves upon the Sheriff all their duties and responsibilities, as to the collection of monies and their disbursements. After prescribing the conditions of the bond, so to be given under that act by the Sheriff, it provides in the 3d section, “‘that where it is found necessary to bring
 
 suits,
 
 in the name of the County Trustee or Treasurer of public buildings, such
 
 suit
 
 or
 
 suits
 
 may be brought, &c.” We think this clause sufficiently plain. The Sheriff retains in his hands all the funds, which formerly he was required to
 
 *351
 
 pay over to the County Trustee and he holds them to be disbursed as that officer did. Their funds are raised for separate and distinct purposes, and are in fact the products of different taxes, laid by the County Court, and to be paid out by the Sheriff to different and distinct persons, according to the order of the Court. This the law-makers knew, and have therefor adopted, in the section we are commenting on, a phraseology which recognizes the bringing of more than one action on the bond of different persons, and the existence of such actions at the same time. If, in an action, brought by any one authorized to sue, the penalty of the bond is exhausted — and another action should then be brought upon it, the first judgment might be pleaded in bar, setting forth the facts. If pleaded since the last continuance, it can only act as a bar to the further prosecution of the suit. We think, therefore, his Honor erred in holding that the judgment of Davies was a bar to the plaintiff’s action. On the contrary, we are of opinion, that under our statutes a second action, such as this, may be brought on a Sheriff’s bond, for money which he holds as County Trustee, by any person who is injured thereby,
 
 toties quoties,
 
 until the penalty is exhausted. But we are also of opinion, that the parties aggrieved may avail themselves of the provisions of the statute of William, anti recover what is due them by
 
 sci.fa.
 
 on the first judgment, setting forth other breaches, They have an option which course
 
 to
 
 pursue.
 

 This is a case agreed, and we should not hesitate under the view we have taken of it, to render judgment for the plaintiff; but this we cannot do, without great injustice to the defendant. According to "the record, the jury found a verdict for the plaintiffs, and assess their damages for the breach assigned to •¡>1000. The case then states that the balance due from the defendant Mc-Alpin, in íáept. 1841, as ascertained by a settlement between him and the relators in this action, was •‘¡>893. It then further shows, that, after allowing the defendants
 
 *352
 
 the amount of the Davies judgment, which he had paid and also other payments, that the balance was $200. We regret the judgment was not so taken as to enable this Court now to act finally in the matter. As it is, the judgment is reversed and a
 
 venire de novo
 
 awarded.
 

 Per Cueiam. Judgment reversed.